United States Court of Appeals for the 11th Circuit. Hear ye, hear ye, hear ye. United States Court of Appeals for the 11th Circuit is now open according to law. God save the United States and this honorable court. Good morning and welcome to our short session this morning. We have one case and that is Leger v. U.S. Attorney General, case number 22-10971. We have Mr. Prada here for Mr. Leger and Mr. Finn here for the government. And we're ready to go, Mr. Prada, whenever you're ready. Thank you, your honor. May it please the court. The statute of conviction in this case penalizes consensual sexual activity between 16 and 15-year-olds. In fact, nothing in the statute would preclude a prosecution against two 15-year-olds where they would be both the victim and defendant at the same time. Under the board's precedent, this offense is not a crime involving moral turpitude because of the lack of a significant age differential. However, in the unpublished decision below, the board found that it was an aggravated felony and not just any aggravated felony, one of the most egregious of aggravated felonies on par with murder and rape. Under the Supreme Court's Taylor test, this cannot be sustained because in 1996, when the IRIRA was enacted, the contemporary meaning and the majority approach in the states, the District of Columbia, the United States Code, and the Model Penal Code required at least some sort of age differential in statutory rape cases. However, the court can rule for us more narrowly and easily. In the opening and reply briefs, we noted that under current state law, lewd and lascivious battery does not require a showing of lewd intent, unlike other offenses like lewd and lascivious molestation. That is the law in the DCA for the fifth DCA in Florida, and the government has not contested that point. Under this court's precedents requiring a showing of intent to achieve sexual gratification, this crime, lewd and lascivious battery, would no longer be sexual abuse of a minor. Alternatively, if the court were to disagree, we would still urge vacate early. I'm sorry, Counselor, doesn't Chuang require us to find that it does involve sexual gratification? That was based on a reading of the state statute, Your Honor. And I believe Chuang was before 2012, and when the state law in the fifth DCA clarified the point that that statute did not require lewd and lascivious intent. And looking at the language of the state statute, which is in the appendix to opening brief, subsection four and five are distinguishable because in subsection five of lewd and lascivious molestation, it requires touching in a lewd and lascivious manner. And at the end of the day, state law is controlling. Was that decision, Mr. Prada, under A1 or A2? It was 804 sub 4A. But A has two subsections, right? One and two. And one, which I think your argument goes to because we have to consider the least serious conduct right under the categorical approach. We have to treat this as an A1 conviction, right? Yes, exactly. Because under my client's conviction, it was 4A or B, but the conviction records only showed subsection four. And the thing is, the Florida statute has changed over time with rearranging, your honor. So I have the 2009 version in front of me. But the lowest conduct possible for my client was sexual activity with a person 12 years or older, but less than 16. So my question is whether that fifth DCA case that you referred to involved that subsection of the statute or the other subsection of the statute, the one that includes sadomasochistic abuse, sexual bestiality, prostitution, et cetera. I think it would only apply to the plain sexual activity. Because when you look at the definition of sexual activity, it requires union at a minimum, whereas these other acts of sadomasochistic abuse and so on, I think it's just inherent in those type of acts that there would be some sort of improper intent. But from the 50 CA case law, I think that the controlling point there was in the molestation section. It was requiring a lewd or lascivious manner for the touching, which I think they read that to mean it implied the intent, whereas there's no such language in plain minimal conduct of sexual activity. Okay. Now, I know you have a lot of different arguments, but I want to ask you about one of them. Your reliance on BIA precedent focuses on matter of Jimenez-Cadillo, right? Yes. Okay. That case involved and applied an age differential in the context of figuring out whether an offense constituted a crime involving moral turpitude, right? Yes. Okay. Tell me why you think that opinion governs in this scenario where we're dealing with not a crime involving moral turpitude, but a quote unquote aggravated felony. I don't think it's dispositive on its own, but it's relevant evidence. Under the Taylor approach and in Esquibel Quintana, the Supreme Court focused on four factors, and one of them is the structure of the statute. And in Esquibel Quintana, it was really important that the aggravated felony we're dealing with was one of the worst. It's the very first one. So I would argue that the structure of the statute is not just 1101A43 on its own, but all the criminal offenses. Because crimes of moral turpitude, unlike aggravated felonies, are not automatic bars to certain discretionary relief, and there's exceptions to them. For example, a single offense under the age of 18 would not be a crime of moral turpitude, or a single offense that's punishable for a year or less, and the actual sentence was less than six months would not be moral turpitude, whereas aggravated felonies don't have these sort of exceptions in them. So I think that as a structure of the whole of the INA, aggravated felonies should generally be the worst offenses possible. And since we're dealing with the same subject matter, that case, Jimenez, was all about statutory rape cases. The board engaged in an analysis of state law, federal law, all of which is absent in this case. All right. Now, let's assume that you are right about your argument concerning an age differential generally. In terms of figuring out the generic federal definition, what age differential do you believe we should set, and why? The narrowest holding the court would need to make is that at least two years on one day, and that's a super majority of the states from the survey. Why is that? I mean, why isn't it enough in this case to say, you know, it's that there is an age differential that's required. So we don't have to decide how much, because any age differential would certainly, if there is an age differential, any age differential would certainly include the age differential here. Yes, I think that's correct. What is the age differential here? Isn't it less than a year? Well, there's none required at all in the statute. No, I know. But what is the age differential involved in this case? It's one year, Your Honor. Now, I don't know the birth date of the girl in the case. It's not in the record, but we do know she was 15. But under the statute, she could have been 15 years and 364 days, and he could have been 16 years old. What I'm trying to figure out is as a practical matter, if we decided that the generic offense requires an age differential, what is the age differential here on the record? Because, I mean, the smallest age differential would be one year, I guess, right? I mean, there's nobody who has something under one year. And if the smallest age differential is one year and the age differential in this case is less than one year, then we don't have to decide anything other than that there is an age differential of some type, and this is going to be within any amount of age differential that we would find if we were to find an age differential. Do you see what I'm asking you? Yes. And I think there's an important point there, whether the age is something that we look to categorically or on the facts of the case, as if it were the circumstances. No, we look to it categorically. But even though we look to it categorically, we don't have to consider whether categorically any more than one year is the required age differential if the facts here don't involve more than one year. So you see what I'm asking you? I think that's correct. I think what you're telling me is that it could be that she's 15 years old in one day, and he's 16 years old and 364 days, because we don't have any more precise information than that on the record. Is that right? Yes, that's correct, Your Honor. So I guess at base, we don't know. We only know the petitioner's birthday. It's on the on the charging document. So if we know the petitioner's birthday, then we know it can't be. Then we know it can't be. Well, then we know whether he can or cannot be have been 15 years old and 364 days, I'm sorry, 16 years old and 364 days at the time of the offense, right? All we don't know is how old how how far into 15 she was, right? Exactly. That's correct, Your Honor. And since the statute has no age differential at all, a ruling that at least one year is required would be enough for the it would be it would be there has to be some age differential. It can't be that there's none at all. Right. I understand. But if if he's more than 16 in one day, and we don't know her birthday, then we have to decide whether the age differential if there is one is two years, right? Because it could be more than a one year age differential from her. So categorically, we have to presume that she was 15 or 16 minus one day categorically, that would be the least culpable conduct in this case. But as to what the correct answer would be at the end of the day, I think we look to the multi state survey. And we see that majority of states were doing two years, three years or four. That is actually okay. So looking, we can't look categorically to what she was. We look categorically when we're deciding what the rule is. But whether we have to decide that the rule was one year, two years, but if we get past zero years, one year or two years, in this case depends on what the actual facts are. And so we can't assume her age. When we look to the actual facts and deciding whether we have to decide one year or more, if more than zero, right? I mean, I'm just trying to establish the groundwork. My time is expiring. My answer. Yes, of course. Okay. Well, so your honor. I think it's, this is a question I did have in the back of my head. If the court establishes the rule, how do you apply the rule? And then in applying the rule, do you start looking at the actual ages of the victim in the case? I don't think there's a basis for circumstance specific rule. In terms of applying the rule, we shouldn't be going there at all. But in terms of the holding, the definition of sexual abuse of a minor stating that one month of an age differential would be enough in this case, because when you look to the actual record of conviction, you must presume the minimum conduct. But if we have to look at the actual age difference, and I would have to insist on a two year rule, because in theory, maybe she was 15 years and one month, and he was 16 years, months at the time. And we just don't know that on record. But that wouldn't require already a circumstance for looking to the facts of the case, not the minimum conduct statute. Let me ask you one follow up question, if I could. The underlying record, if we were to look at the shepherd documents for the underlying offense, no place in any of the shepherd documents doesn't indicate what it is. Is that what you're saying? I could not find it. I looked through the record. The only thing I saw was on the charging document, the information. It had the defendant's birthday on there. So then he was 16 years. I have a question, if I may, Judge Jordan. Yes, of course. So I understand your argument that we ought to decide whether an age differential is required. I understand less the argument that we ought to decide exactly what age differential is required. I understand the preference for something like two years or something like four years, particularly based on the record in the case and what it does and doesn't tell us. But what exactly is the source of our authority to dictate the particular length of time of age differential that would be required if we rule that one is required? I think there's two parts to that question. One is whether the board should have that decision in the first instance and also the methodology of how to get to the answer. So as to getting to the answer, I would say we have to look to the majority of the state survey. And in doing so, we see that there's a majority requires four years and then there's super majorities requiring three and two years. And the difference between the three and two year rules is two states. So if we're looking to the majority, well, the Supreme Court has never required a super majority in any of the cases I've seen. So I think it would be four years because that is the majority approach. But at the same time, for my client, we don't need that ruling in this case. I think that would be the correct answer at the end of the day, but it's not necessary in this case. As to whether the board should have a decision at this on the first instance, I don't think that would be appropriate because aggravated felonies are not an area where Chevron deference should apply because this type of statute has criminal implications. And if an agency can decide what a statute means that has a criminal implication to it, thereby injecting itself into criminal proceedings, which have greater rights for the defendants, I don't think that's permissible. I think Judge Sutton wrote an opinion about that in a SORNA case many years ago. And I would also point to this court's decision in Argetta or Romero versus Secretary of Homeland Security. The court didn't decide that issue in that case because the Chevron deference and the rule of lenity pointed to the same outcome. But I would offer that if lenity were to apply in our favor, and then the agency would be restricted from going against that outcome that a rule of lenity would lead to. Thank you. Okay, Mr. Prada, thank you very much. You've saved your full time for rebuttal since we took you over your initial allotment. Thank you. Okay, Mr. Finn. Good morning. May I please support Stephen Finn for the Attorney General. As an initial matter, I want to express my appreciation to the court for postponing the original hearing date to today. I had my first experience with the virus. It didn't go well, and I appreciate the extra time. We're glad you're well. Thank you. So the dispute in our estimation here really is a question about how we define sexual abuse of a minor under 8 U.S.C. 1101A43A. And of course, Esquivel-Quintana says that in the statutory rape context, one of the methods that can be used to consider this definition is to look at a survey of state statutes from approximately the time when the statute was put into effect. And we go back to 1990, I believe it was 1996. And there are, of course, other elements of the court's discussion about getting to this definition. They looked at plain meaning under dictionaries at the time. They looked at other federal statutes that are in existence. And they came down to a survey that they considered that was produced by the Solicitor General's Office that narrowed down a universe of cases that is the cases that are within the sexual abuse of a minor context. Now, of course, Esquivel-Quintana was very focused on the question of a minor. But what we're really faced with here is wrestling with the idea of what abuse is. Does abuse include some differential in age that gets us over that 16-year threshold that was, of course, the central holding of Esquivel-Quintana? And I heard in a petitioner's argument, quite a few references to the survey. And I believe what he's referring to there are the surveys that were conducted by the amicus in this case. And our position here is to be consistent with Esquivel-Quintana. We have had the Supreme Court limit the universe of cases or, excuse me, statutes that we're considering here. If we're talking broadly sexual abuse of a minor, not in the statutory rape context, there is another case, matter of Rodriguez, the board has that talks about the board's analysis of sexual abuse of a minor. And of course, this court has its decisions in Padilla-Reyes and Chong, which I believe that's the pronunciation, I may be incorrect, but give us the definition in the 11th Circuit. And in response to counsel's argument about the element of sexual gratification, I believe that that has been resolved by the court, that in fact, sexual gratification is implied in the statutory rape context, or excuse me, in the sexual abuse of a minor context for a statute 8.004.4a. So I don't find that there's much of an argument there. Which is, out of the cases we have, Mr. Finn, which one do you think best says or articulates that proposition? I believe, and when I went back and looked at the cases, I believe that Padilla-Reyes was the most clear on that point, if I remember correctly, but I do believe it was both Padilla-Reyes and Chong. And to the extent that there's any more recent cases, of course, there's that Singh case, the unpublished case that was 2021, I believe. So we, and that's cited in our brief as well, but I do believe Padilla-Reyes is the case where the court is most clear on this point. So we have this question about whether the severity, a question of severity of sexual abuse as an aggravated felony. And our position on that is Congress put sexual abuse of a minor with some of the most significant and severe felonies that are considered crimes in our country. That's a very clear statement that they consider these offenses quite, quite seriously. Well, I think that actually cuts abuse of a minor is a very serious, egregious crime. And the Supreme Court has told us, or that it could be, well, let me put it this way. The Supreme Court has told us that murder and rape are among the most heinous crimes it defines as aggravated felonies. And so is sexual abuse of a minor. The problem here is that the statute we're talking about, as this case shows, well, let me put it this way. Under the language of the statute that we're talking about in Florida, you could be talking about consensual sex between a 16-year-old and a 15-year-old. And that does not seem to me to be among the most heinous crimes or the most egregious crimes, certainly not in that category with murder and rape. And that is the problem here. How does that help? Our position on that, or our view on that is, there's a message that with children under the age of 16, regardless of consensuality, is a heinous crime. We don't accept that. And that's what I believe. If you look at the state case law that discussed this offense, they talk very specifically about, yes, there's no age differential, 16 is it. We consider sex with minors to be a serious, serious offense. I will grant you, people may have different opinions about whether 15 and 16-year-olds consensual teenage sex is okay, but we're trying to get at the intent of Congress here. I'm not disagreeing with you about what the intent of Congress was about. They were talking about sexual abuse of a minor is a serious and egregious offense. The question that I have is whether the least, slowest way that you could commit the Florida violation here, which I guess would be sex between two underage kids who are less than a year apart, maybe even a day apart in birth dates, whether that is the type of egregious offense that Congress had in mind when it was considering sexual abuse of a minor and listing it in the same subparagraph as murder and rape. Do you understand what I'm saying? I understand very much what you're saying. I think what Escobar-Quintana tells us then is if we're going to try to define that question of abuse, we have a limited range of evidence or materials to work with, definitions, but it really did come down to looking at federal statutes and then looking at the state statutes that were in effect at the time. One of the things the court said was that they were concerned that if we created exceptions, if we defined sexual abuse of a minor in the statutory rape context too narrowly, that we would begin to exclude many of the state offenses, which the court had a real problem with that. They wanted to see something that established background for where the states were. We have the survey that was taken with Escobar-Quintana. There's 50 cases, the 50 states. Off the top, 15 are cut out because they're over 16. Well, let me ask you about that. To me, that doesn't mean that's not a good reason to cut them out because our concern focuses on the age difference and not on what the highest age is or the oldest age for being a minor law. In fact, if you look at the age difference, say a 17-year-old and 364 days and a 22-year-old, that percentage-wise or 21-year-old maybe, that percentage-wise is a smaller percentage than if you were to look at between, say, an almost 12-year-old and a 15-year-old who's almost 16. I don't understand why we would cut out the states that have higher ages of majority. I'm interested in your thoughts on that. Well, right. I think that our view is they're no longer within the definition we're working with because the Supreme Court gave us the range of cases we're talking about, sexual abuse of a minor in the context of statutory rape. If the over 16 cases or statutes are no longer with a child, they really aren't in the same universe anymore. We're down to 35. But the states that go up to age 18 are providing more protection than the states that go up to age 16. I would understand your argument if they were providing less protection for the children, for the minors, but they're providing more protection. It makes no logical sense to me why we wouldn't consider those states. But they're no longer minors. That's the position. They're not minors. They don't fit within the rubric. But minors go all the way up to 18, right? Generally speaking. Right. Another way I would perhaps look at this. I mean, aren't 17-year-olds and 16-year-olds minors for purposes of sexual abuse of a minor under your theory? Outside of the statutory rape context. We're talking about the matter of Rodriguez or the Padilla-Reyes general definition of sexual abuse of a minor. I believe so, because those aren't the statutes the court looked at. Here we look at the least culpable conduct, right? Because the record doesn't tell us what subsection he was convicted of. As I understand the application of that principle here, he was convicted of an A1 violation, which is statutory rape, right? Right. And your point is that aside from the minor having to be 16 or under, there's no other qualification for that offense. That's correct. That is our position. We believe that is consistent with Escobar-Quintana, our review of the state statutes. We're really talking here about an age of consent of a minor. 16 is what the age of consent in terms of statutory rape means. If you're over 16, you can consent to sexual activity. But if you're under 16, the state statute is saying you cannot consent. There is no consent to be had, even at the minimal threshold that we're in. What happens, and I know this diverges from the categorical approach, but I just want to hear you sort of think it out with me. What happens when the quote-unquote perpetrator is 14 and the quote-unquote victim is 15? You know, Your Honor, to Jordan, I don't think then, in all practical reality, would there be reasonable foreseeable that that would be charged as a crime. I understand. It could be charged if you have, you know, a small category of cases where this was seen as a problem. And there was a very small age differential in terms of the actual months and years between the two people. So the perpetrator was about to be 15, and the victim had just turned over 15. Those are the, I know we're in a very small approach, but that possibility sticks in the back of my mind. And it did as well of mine when I was looking at this case. And I did not find any case law or statutory defenses that resolve that question. But I do think that the only practical approach that is, it's a question of prosecutorial discretion. That's the best I can say. But I could not, I did try to look. One final question from me, and I'm going to take you over your time so you can go ahead and answer the question. And then if Judge Rosenbaum or Judge Monasco have any other questions, you can answer them as well. What do we do with the BIA's decision in matter of Rodriguez, which although distinguishable, seems to be somewhat relevant? I believe, as I had mentioned earlier, matter of Rodriguez is distinguishable because this court itself set forth its own definition of sexual abuse of a minor. The board has not specifically addressed the sexual abuse of a minor in the statutory rape context after Escobar-Quintana. So I think Rodriguez applies to the broader definition of sexual abuse of a minor. It is a very flexible approach. But again, it did not deal with the specific in the statutory rape context, which was the background or the purpose of Escobar-Quintana. But if that's the way of distinguishing Rodriguez, we also have not addressed a statutory rape type conviction after Escobar-Quintana either. That's correct, Your Honor. Okay. Anybody else have any more questions for Mr. Finn? I do not. Thank you. Okay, Mr. Finn, thank you very much. Thank you. All right, Mr. Prada. Your Honor, the hypothetical you posed earlier, I think, falls into account the reasonable probability test. And this court has two cases, Chamu about cocaine and Said about marijuana. And the general rule is that of the plaintext of the statute would allow a under Said, for example, the holding was that the marijuana stocks exist. And therefore, the probability exists of a conviction for marijuana stocks. And I would say in this scenario, 14-year-olds and 15-year-olds do have relationships in reality. And so this could happen. It would just ultimately depend on a charging decision for a prosecutor. And there could be reasons why the prosecutor might want to go for the minor, the younger minor than the older minor. Aside from that, I want to clarify the relief we're seeking. If the court would agree with us that this is not an aggravated felony, we would ask for a vacator and a remand with instructions to terminate the entire case, which would be the removal proceeding as well as the termination of asylum proceeding. Even though they ran in tandem together, these are two different proceedings. So we request vacator of both orders. If the court believes there's a need to remand to the board to grapple with what the age differential should be, first, we don't think that's necessary at all, because as long as the court holds that there should be some age differential without defining it, that's enough for the vacator of the board's order. But if the court were to do that, I would request that it be terminated. One of their major premises is that this was not a statutory rape offense throughout the whole case. Alternatively, if the court does sustain the aggravated felony finding, the removal proceeding is separate from the termination of asylum. And we were requesting it be terminated as well because of the lack of a statutorily compliant notice to appear. And last, if the court disagrees with all of that, we still request a vacator of controlled substance finding. Because if Mr. Leisure is deported physically, he could in theory receive a waiver of the aggravated felony in return, but not of two marijuana convictions. Thank you, your honors. I rest on the briefs. All right, Mr. Pratt, thank you very much. Mr. Finn, thank you to you as well. We will take the case under advisement and we're adjourned.